

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SCOTTY MAHLUM, | No. 15-15306 |
| Plaintiff-Appellant, | D.C. No. 5:14-cv-02988-LHK |
| v. | |
| ADOBE SYSTEMS, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Argued and Submitted February 15, 2017
San Francisco, California

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and PRATT,[**] District Judge.

Plaintiff-Appellant Scotty Mahlum appeals the district court's dismissal of his complaint upon the motion of Defendant-Appellee Adobe Systems, Inc. Appellant asserts the district court erred in dismissing the case based on its

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

determination that the early termination fee (ETF) assessed on his cancellation of a service was an alternative method of performance rather than an impermissible monetary penalty. We review the district court's grant of a 12(b)(6) motion to dismiss *de novo*. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

The complaint alleges the ETF provision violates California's proscription on impermissible liquidated damages provisions. *See* Cal. Civ. Code § 1671(d). However, California law is explicit: "Where a contract for a specified period of time permits a party to terminate the agreement before its expiration in exchange for a lump-sum monetary payment, the payment is considered merely an alternative to performance, and not a penalty." *Morris v. Redwood Empire Bancorp*, 27 Cal. Rptr. 3d 797, 803 (Cal. Ct. App. 2005); *see Blank v. Borden*, 524 P.2d 127, 131–32 (Cal. 1974).

Appellant asks this Court to look beyond the form of the provision and evaluate its substance. *See Grand Prospect Partners, L.P. v. Ross Dress for Less, Inc.*, 182 Cal. Rptr. 3d 235, 254 (Cal. Ct. App. 2015). However, he alleges no facts in his complaint to demonstrate that the ETF provision has been or may be applied in such a way that it should be considered a penalty in substance. *Cf., e.g., In re DirecTV Early Cancellation Litigation*, 738 F. Supp. 2d 1062, 1067–69, 1090

2

(C.D. Cal. 2010) (delineating factual allegations sufficient to state a claim that a termination fee functions as an impermissible penalty).

Appellant advances two legal theories to support his allegation that his complaint properly stated a claim. The first concerns alternative consideration, and the other whether there exists a reasonable relation between the ETF and the quantum of damages that could be expected to result from breach of the contract. Neither argument affects our determination that the ETF, as pleaded in the complaint, constitutes an alternative method of performance and not a penalty under California law. *See Morris*, 27 Cal. Rptr. 3d at 803.

Appellant argues in the alternative that the district court improperly disposed of questions of fact in dismissing his complaint. However, the complaint does not assert any facts that, if substantiated, would affect the ETF provision's validity as an alternative performance provision. The operative allegations in the complaint upon which appellant now relies are merely legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Appellant explicitly declined to amend his pleadings before the district court to allege additional facts and remedy the complaint's deficiencies. On the basis of the facts

alleged in the complaint, the district court properly determined the ETF provision contemplates a valid alternative method of performance.

Appellant's motion to take judicial notice of court filings in *In re DirecTV Early Cancellation Litigation*, No. 8:09-ml-02093 (C.D. Cal. 2010) and *Hutchinson v. AT&T Internet Services, Inc.*, No. 2:07-cv-03674 (C.D. Cal. 2008) is denied. Although the existence and content of these documents are proper subjects of judicial notice, they are not relevant to resolving the appeal. Appellant's Second Motion to Take Judicial Notice, which impermissibly attempts to supplement the factual allegations of the complaint at the reply stage on appeal, is denied.

**AFFIRMED.**